**RECORD NO. 11-4955**

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## STEVEN REED,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

### BRIEF OF APPELLANT

**Henderson Hill**
**Executive Direct**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**\*Ann L. Hester**
**Assistant Federal Defender**
**Erin K. Taylor**
**Research and Writing Attorney**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel of for Appellant*
  *\*Counsel of Record*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.      The Alleged Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.     The Final Supervised Release Revocation Hearing . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      I.      Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      II.     The District Court's Sentence Is Plainly Unreasonable Because the Court Failed to Explain Its Reasons for Imposing and Above-Guidelines, Statutory-Maximum Sentence . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Gall v. United States*,
    552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Kimbrough v. United States*,
    552 U.S. 85 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rita v. United States*,
    551 U.S. 338 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Crudup*,
    461 F.3d 433 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Davis*,
    53 F3d. 638 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Moulden*,
    478 F.3d 652 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*United States v. Promise*,
    255 F.3d 150 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Summers*,
    2011 WL 4037041 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **STATUTES**

18 U.S.C. § 922(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

18 U.S.C. § 3559(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3583 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3583(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

18 U.S.C. § 3583(e)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **GUIDELINE**

U.S.S.G. § 7B1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## STATEMENT OF JURISDICTION

Jurisdiction is vested in the United States District Court for the Western District of North Carolina under 21 U.S.C. § 846, as well as 18 U.S.C. § 3231 and 18 U.S.C. § 3583. Written judgment was filed on September 21, 2011, and Reed timely filed notice of appeal on October 3, 2011. JA 37-40.

Jurisdiction of the Court of Appeals is founded upon 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

**The District Court's 24-Month Sentence Is Plainly Unreasonable.**

## STATEMENT OF THE CASE

On November 1, 2002, the United States District Court for the Western District of North Carolina sentenced Steven Reed to 94 months' imprisonment and three years of supervised release for one count of Possession of Firearm by Felon. JA 9-11. On May 18, 2011, Reed's probation officer filed a Petition for Warrant for Offender Under Supervision ("Petition") alleging that Reed violated the conditions of supervised release. JA 41-46. Reed admitted the violations in the Petition, and the district court sentenced him to 24 months' imprisonment. JA 35. The district court filed its written judgment on September 21, 2011, and Reed timely filed notice of appeal. JA 37-40.

1

## STATEMENT OF THE FACTS

### I.  The Alleged Violations

On May 18, 2011, the United States' probation office filed a Petition alleging that Reed had violated conditions of his supervised release. JA 41-46. Violation 1 alleged that Reed had been arrested and charged with possession with intent to sell and deliver marijuana in Mecklenburg County, North Carolina. *Id.* The Petition characterized that violation as a Grade A violation. *Id.* Violation 2 alleged that Reed had committed a Grade C violation by being arrested and charged with possession of drug paraphernalia in Mecklenburg County, North Carolina. *Id.* Violation 3 alleged that Reed had traveled to Missouri without permission, a Grade C violation. *Id.* Finally, Violation 4 alleged that Reed had tested positive for marijuana, a Grade C violation. *Id.*

Based on the Policy Statements set out in the Revocation Table at U.S.S.G. § 7B1.4 and his federal criminal history category of VI, Reed faced a sentencing range of 33-40 months' imprisonment for a Grade A violation. But since this range exceeded the statutory maximum of 24 months, his sentencing range for a Grade A

2

violation was 24 months.[1] JA 45; 18 U.S.C. § 3583(e)(3). He faced 8-14 months' imprisonment for a Grade C violation. U.S.S.G. § 7B1.4 (2010).

## II. The Final Supervised Release Revocation Hearing

The district court held a revocation hearing on September 13, 2011. JA 3. Reed admitted the violations, but disputed that Violation 1 was a Grade A violation. JA 17. Defense counsel objected to the grade of Violation 1, arguing that Violation 1, which was a Class I North Carolina offense, was a Grade C Violation because under North Carolina structured sentencing, Reed could not have been sentenced to a term of imprisonment exceeding one year. JA 17-19. Defense counsel argued that under the recent Fourth Circuit case *United States v. Summers*, 2011 WL 4037041 (4th Cir. 2011) (unpublished), the specific allegations noted in the petition were relevant to the court's analysis, and in this case, the Petition alleged a violation of state law, not federal law. JA 22. The court agreed, finding Violation 1 alleged a violation of state law that did not expose Reed to a sentence of imprisonment exceeding one year. JA 29. Accordingly, the court found that Violation 1 was a Grade C violation, which resulted in a 8-14 month sentencing range. *Id.*

---

[1] See 18 U.S.C. § 3583(e)(3) (providing that a defendant whose supervised release is revoked may not be required to serve more than two years in prison if the offense that resulted in the term of supervised released is a class C felony); *Id.* § 3559(a)(3) (providing that an offense whose maximum term of imprisonment is ten or more but less than twenty-five years is a Class C felony); *Id.* § 922(g) (providing that the maximum term of imprisonment for felon in possession of a firearm is ten years).

3

Defense counsel argued for a sentence within the 8-14 month Chapter 7 policy statement guideline range, highlighting Reed's performance while on supervised release, including his lack of substance abuse, his positive employment history, his role as a "core leader" in his drug treatment classes, his completion of drug treatment classes since his detention, and his family support. JA 29-30. The government asked for an upward departure to the statutory maximum sentence of 24 months' imprisonment, focusing on Reed's criminal history and conduct underlying the violations alleged in the Petition. JA 32-33.

The court sentenced Reed to 24 months' imprisonment. JA 34. In explanation, the court merely stated that Reed had a significant criminal history and that the advisory guideline range was "inadequate." JA 34.

## SUMMARY OF ARGUMENT

The district court's above-Guideline sentence was plainly, procedurally unreasonable, because the court failed to respond to counsel's non-frivolous arguments for a within-Guidelines sentence.

## ARGUMENT

**The District Court's 24-Month Sentence is Plainly Unreasonable.**

### I.   Standard of Review

A district court's supervised revocation sentence is reviewed for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-643 (4th Cir. 1995). This Court

4

reviews sentences imposed upon revocation of supervised release to determine whether they are within the prescribed statutory range and are not "plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). Under this standard of review, if the Court finds a revocation sentence to be unreasonable, it must then decide whether the sentence "is *plainly* unreasonable, relying on the definition of 'plain' that we use in our 'plain' error analysis." *Id*. at 439 (citations omitted). An error is plain "when settled law of the Supreme Court or this Circuit establishes that an error has occurred." *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001).

## II.   The District Court's Sentence Is Plainly Unreasonable Because the Court Failed to Explain Its Reasons for Imposing and Above-Guidelines, Statutory-Maximum Sentence

The district court's sentence is plainly unreasonable, because the court failed to sufficiently explain its reasons for imposing the statutory maximum sentence—a sentence 10 months above the high end of the Chapter 7 policy statement guideline range. Congress's "overarching instruction" to sentencing courts is to "impose a sentence sufficient, *but not greater than necessary* to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) quoting 18 U.S.C. § 3553(a) (emphasis added). Under 18 U.S.C. § 3583(e), a sentencing court, in imposing a revocation sentence, must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence

5

to "afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3583(e) citing 18 U.S.C. § 3553(a). The district court must also consider the applicable Chapter 7 policy statements. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

And while the court has broad discretion to impose a particular revocation sentence, that discretion has some limits. *Id.* The district court's sentence must be procedurally and substantively reasonable, and a district court commits significant error when it fails to adequately explain the chosen sentence, even when imposing a within-Guidelines revocation sentence. *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). In assessing the reasonableness of a sentence imposed upon revocation of supervised release, this Court follows generally the procedural and substantive considerations it employs in its review of original sentences. *Crudup*, 461 F.3d at 438-439. As part of that inquiry, this Court must determine whether the district court considered the parties' arguments for a particular sentence. *Rita v. United States*, 551 U.S. 338, 357 (2007).

In this case, the court properly calculated the applicable Chapter 7 policy statement guideline range and acknowledged several of the § 3553(a) factors, but it nevertheless imposed a sentence that was procedurally unreasonable. A sentencing

6

court commits significant procedural error when it fails to provide an individualized explanation for its sentence and fails to address the defendant's non-frivolous reasons for imposing a different sentence. *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010) (citing *Rita*, 551 U.S. at 357). *See also United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (holding that the sentencing court must consider the § 3553(a) factors with regard to the particular defendant before the court, and also consider any potentially meritorious arguments raised by the parties with regard to sentencing).

In *Lynn*, the defendant, Tucker, was convicted of possession of firearm by felon. Before it imposed a sentence nearly twice as long as the low end of the advisory guideline range, the district court informed Tucker that it was considering departing upward from his guideline range because of the seriousness of his criminal history. *Lynn*, 592 F.3d at 580-581. The court also recalled sentencing Tucker on a previous occasion. *Id.* at 581. Tucker's counsel argued against a departure, focusing on the unusual circumstances of Tucker's case, which included the fact that Tucker had been a law-abiding citizen for several years before the offense. *Id.* Without addressing arguments made by Tucker's counsel, the court imposed a sentence significantly above the calculated guideline range. *Id.* On appeal, this Court held that the district court's failure to provide an explanation for its departure, as well as its failure to address the non-frivolous arguments of counsel, were "significant procedural error." *Id.* The Court further held that when a judge decides that an

outside-guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.* at 582 (quoting *Gall*, 552 U.S. at 50).

Here, as in *Lynn*, the district court failed to address the non-frivolous arguments of defense counsel before it imposed a sentence three times greater than the low-end of Reed's guideline range. Even though the court referenced Reed's criminal history, it ignored the undisputed, non-frivolous, mitigating arguments of Reed's counsel. JA 34. A court must provide sufficient explanation, including any potentially meritorious arguments made by counsel, so that the reviewing court may effectively review the reasonableness of the sentence. *Moulden*, 478 F.3d at 657 (citing *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006)). The district court failed to provide that explanation here.

In *Moulden*, the sentencing court imposed an 18-month sentence even though the policy statements suggested a guideline range of 3-9 months. *Id.* at 654. In that case, the defendant had repeatedly violated the conditions of probation. *Id.* at 658. And the court gave explicit reasons for its departure from the Chapter 7 policy statement guideline range, including defendant's repeated decisions to not comply with the conditions set by the court, defendant's flaunting of the rules and requirements of probation, and his need to learn and rehabilitate himself after a series of serious probation violations. *Id.* at 657-658. The defendant's sentence was

8

procedurally and substantively reasonable in light of the defendant's pattern of refusing to conform to the requirements of probation and the district court's explanation in imposing a sentence above the policy statement range. *Id.* at 658.

In contrast, the district court in this case did not give explicit reasons for its departure from the Chapter 7 policy statement guideline range beyond referring to Reed's criminal history, nor did it address Reed's arguments for a within-Guidelines sentence. Reed argued that he had completed over two years of his three-year term of supervised release, had maintained employment until he was laid off, was a "core leader" in his drug treatment classes, and had completed drug treatment while he was detained for this case. JA 29-30.  But the district court did not acknowledge any of these arguments and simply found the guideline range "inadequate." JA 34.

Under *Lynn* and *Moulden*, the district court failed to provide an explanation of its upward-variance sentence sufficient to enable this Court to review the reasonableness of the sentence imposed.  The district court gave a minimal explanation for significantly diverging from the guidelines and failed to respond to Reed's mitigating evidence.  As a result, Reed's sentence is "plainly unreasonable," and this Court should vacate it.

9

## CONCLUSION

For the reasons stated in this Brief, Reed respectfully requests that his sentence be vacated.

## REQUEST FOR ORAL ARGUMENT

Reed hereby requests oral argument under Federal Rule of Appellate Procedure 34(a).

This, the 26th day of January, 2012.

                                    Henderson Hill, Director
                                    Federal Defenders of
                                    Western North Carolina, Inc.

                                    /s/ Ann Hester
                                    *Ann Hester
                                    Assistant Federal Defender
                                    Erin K. Taylor
                                    Research and Writing Attorney
                                    129 West Trade Street
                                    Suite 300
                                    Charlotte, North Carolina 28202
                                    (704) 374-0720
                                    Counsel for Appellant
                                    *Counsel of Record

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,062*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: January 26, 2012                                        /s/ Ann L. Hester
                                                               *Counsel for Appellant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 26th day of January, 2012, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (704) 344-6222
>
> *Counsel for Appellee*

I further certify that on this 26th day of January, 2012, I caused the required number of bound copies of the Brief of Appellant and Joint Appendix to be hand-filed with the Clerk of the Court, and one electronic copy of the Joint Appendix to be served on CD, via UPS Ground Transportation, upon Counsel for Appellee at the above address.

/s/ Ann L. Hester
*Counsel for Appellant*